UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

| | |
|---|---|
| LEON PAPILLION, JR., <br>     Petitioner, <br><br> V. <br><br> WARDEN C. GOMEZ, <br>     Respondent. | Civil Action No. 6: 20-204-KKC <br><br> **MEMORANDUM OPINION AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Leon Papillion, Jr., is a federal inmate currently housed at the United States Penitentiary ("USP")-McCreary located in Pine Knot, Kentucky. Proceeding without a lawyer, Papillion has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking relief from his sentence and has paid the $5.00 filing fee. [R. 1]

Petitions filed under § 2241 are subject to initial screening by the Court required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). *See also Alexander*, 419 F. App'x at 545 (applying the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to habeas corpus petitions).

**I.**

In June 2009, Papillion was convicted by a jury in the United States District Court for the Western District of Louisiana of one count of conspiracy to possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 (Count One) and one count of attempt to

possess with intent to distribute methylenedioxy amphetamine in violation of 21 U.S.C. § 841(a)(1). Prior to trial, the government filed an "Information of Prior Conviction" stating that Papillion was subject to the sentencing enhancement provisions of 21 U.S.C. § 841(b)(1)(C) based on his two prior "serious drug offenses" (two Louisiana felony convictions for possession of cocaine) and his two prior "violent felony" offenses (a Louisiana felony conviction for simple battery upon a police officer and a Louisiana felony carjacking conviction).

For sentencing purposes, Papillion was determined to be a "Career Offender" under U.S.S.G. § 4B1.1(a) based on his four prior felony convictions. On October 1, 2009, Papillion was sentenced to terms of imprisonment of 286 months on each count of conviction, to run concurrently to each other, for a total term of imprisonment of 286 months. Papillion's conviction was affirmed on appeal to the United States Circuit Court for the Fifth Circuit. *United States v. Papillion*, 6:07-cr-20052-DDD-JPM-4 (W.D. La.).

On June 27, 2016, Papillion (represented by counsel) filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, arguing that, after the United States Supreme Court's decision in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015), Papillion's conviction for the Louisiana offense of battery on a police officer can no longer be considered a "crime of violence" under U.S.S.G. § 4B1.2(a)(1) or (a)(2). Specifically, Papillion argued that because the crime of "battery of a police officer" may be committed in ways (such as spitting) that do not involve force capable of causing physical pain or injury to another, Papillion's conviction for battery of a police officer no longer qualifies as a "crime of violence" for purposes of the Career Offender enhancement of the Guidelines. *United States v. Papillion*, 6:07-cr-20052-DDD-JPM-4 (W.D. La.) at R. 597. However, on April 12, 2017, after the Supreme Court issued its decision in *Beckles v. United States*, 137 S. Ct. 886 (2017), holding that U.S.S.G. § 4B1.2(a)'s residual clause

2

is not void for vagueness, Papillion's counsel filed a motion to voluntarily dismiss Papillion's § 2255 motion, which the Court granted.  On April 23, 2018, proceeding *pro se*, Papillion filed a second or successive § 2255 motion on ineffective assistance of counsel grounds.  This motion was also denied by the sentencing court.

Papillion has now filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this Court, challenging the classification of his Louisiana conviction of battery on a police office as a "crime of violence" for purposes of his Career Offender classification under the Sentencing Guidelines. [R. 1]  Papillion argues that, in light of the United States Supreme Court's decision in *Descamps v. United States*, 570 U.S. 254 (2013), the Louisiana statute that he was convicted of violating sweeps more broadly than the U.S.S.G. § 4B1.2(a) definition of "crime of violence," thus it can no longer serve as a valid predict offense for purposes of his Career Offender classification. Papillion essentially re-states the same argument made by counsel in his first § 2255 motion that because the crime of "battery of a police officer" under Louisiana law may be committed in ways (such as spitting or throwing feces, urine, blood or other human waste) that do not involve force capable of causing physical pain or injury to another, Papillion's conviction for battery of a police officer no longer qualifies as a "crime of violence" for purposes of the Career Offender enhancement of the Guidelines.  Papillion invokes the "savings clause" provision of 28 U.S.C. § 2255(e) to contend that he may assert his challenge to his sentence in a § 2241 petition.

However, having thoroughly reviewed Papillion's conviction and the record in his underlying criminal case,[1] the Court must deny relief because his claim is not cognizable in a § 2241 habeas corpus petition.

---

[1] This Court may "take judicial notice of proceedings in other courts of record." *See Rodic v. Thistledown Racing Club, Inc.,* 615 F.2d 736, 738 (6th Cir.1980); *Granader v. Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969).  *See also* Fed. R. Evid. 201(b)(2).

## II.

A federal prisoner generally may not use a § 2241 petition to challenge the enhancement of his sentence. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001). Rather, a prisoner who wishes to challenge the legality of his conviction or sentence must file a motion under § 2255. *Id*. (explaining the distinction between a § 2255 motion and a § 2241 petition). A § 2241 petition may not be used for this purpose because it does not function as an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" of 28 U.S.C. § 2255(e) creates an extraordinarily narrow exception to this prohibition if the remedy afforded by § 2255 is "inadequate or ineffective" to test the legality of the prisoner's detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). A motion under § 2255 is not "inadequate or ineffective" simply because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002) (holding that § 2241 is available "only when a structural problem in § 2255 forecloses even one round of effective collateral review..."). Rather, to properly invoke the savings clause, the petitioner must be asserting a claim that he is "actually innocent" of the underlying offense by showing that, after the petitioner's conviction became final, the United States Supreme Court issued a retroactively applicable decision re-interpreting the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute, *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or establishing that – as a matter of statutory interpretation – a prior conviction used to enhance his or her federal sentence no longer qualifies as a valid predicate offense. *Hill v. Masters*, 836 F.3d

591, 599-600 (6th Cir. 2016). In *Wright v. Spaulding*, 939 F.3d 695 (6th Cir. 2019), the Sixth Circuit clarified *Hill* and held that "a federal prisoner cannot bring a claim of actual innocence in a § 2241 petition through the saving clause without showing that he had no prior reasonable opportunity to bring his argument for relief." *Id*. at 705.

Here, Papillion challenges the enhancement of his sentence resulting from his classification as a Career Offender under the Sentencing Guidelines. The decidedly narrow scope of relief under § 2241 applies with particular force to challenges not to convictions, but to the sentence imposed. *Peterman*, 249 F.3d at 462; *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("The savings clause of section 2255(e) does not apply to sentencing claims."). To be sure, there is a very limited exception under which federal prisoners have been permitted to challenge their sentences in a § 2241 petition. However, a prisoner may only proceed in this manner if he can show: "(1) a case of statutory interpretation, (2) that is retroactive and could not have been invoked in the initial § 2255 motion, and (3) that the misapplied sentence presents an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect." *Hill*, 836 F.3d at 595. The Sixth Circuit further expressly limited its decision in *Hill* to "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 (2005)." *Hill*, 836 F.3d at 599.

Papillion does not meet the foregoing requirements. First, Papillion was sentenced in 2009, well after the Supreme Court's decision in *Booker* made the Sentencing Guidelines advisory rather than mandatory. On this basis alone, Papillion' claim does not fall within *Hill*'s limited exception for bringing a § 2241 petition to challenge his underlying sentence. *See Loza-Gracia v. Streeval*, No. 18-5923, 2019 WL 4199908, at *2 (6th Cir. Mar. 12, 2019) ("Loza-Gracia cannot proceed under *Hill* because he was sentenced in 2011, long after the Supreme Court's January 2005 *Booker* decision made the guidelines advisory rather than mandatory."); *Contreras v.*

*Ormond*, No. 18-5020 (6th Cir. Sept. 10, 2018) ("[The petitioner's] case does not fall within the narrow exception recognized by *Hill* because he was sentenced post *Booker* in 2009, under the advisory sentencing guidelines."); *Arroyo v. Ormond*, No. 17-5837 (6th Cir. April 6, 2018) (holding that since the petitioner was sentenced after *Booker*, his "claim does not fall within *Hill*'s limited exception for bringing a § 2241 habeas petition to challenge a federal sentence").

Nor does Papillion rely on a case of statutory interpretation that could not have been invoked in his initial § 2255 motion. While Papillion relies on *Descamps* in his § 2241 petition, *Descamps* was issued in 2013, three years before he filed his first § 2255 motion to vacate his sentence in 2016. Thus, Papillion was free to raise his *Descamps* argument at that time.

Nor did Papillion need *Descamps* to raise his argument that his prior conviction for battery of a police officer conviction does not qualify as a "crime of violence" for purposes of the Career Offender enhancement of the Sentencing Guidelines. The use of the categorical approach when analyzing prior offenses for sentencing enhancement purposes did not begin with *Descamps*. Rather, the categorical approach is a doctrine established almost twenty years before Papillion's sentence was imposed. *See Taylor v. United States*, 495 U.S. 575, 600-601 (1990); *Shepard v. United States*, 544 U.S. 13, 26 (2005). *See also Wright*, 939 F.3d at 705-06 (noting that the holding in *Mathis v. United States*, __ U. S. __, 136 S.Ct. 2243 (2016)), a Supreme Court decision that further clarified the categorical approach post-*Descamps*, "did not invent the categorical approach," but was instead dictated by two decades worth of prior precedent) (citing *In re Conzelmann*, 872 F.3d 375, 376 (6th Cir. 2017) (other citations omitted)).

Indeed, not only were arguments regarding the application of the categorical approach previously available to Papillion, his counsel did, in fact, previously challenge whether Papillion's prior conviction for battery on a police officer qualified as a valid predicate offense for purposes

6

of the Career Offender enhancement in his first § 2255 motion on the exact same "overbroad" grounds argued by Papillion in his § 2241 petition. While Papillion's § 2255 motion cited *Johnson* instead of *Descamps* and it was voluntarily dismissed after *Beckles*, none of these circumstances mean that *Descamps* was procedurally "unavailable" or that § 2255 was otherwise "inadequate or ineffective" to test his sentence. *Wright*, 939 F.3d at 706.

Because Papillion cannot show "he had no prior reasonable opportunity to bring his argument for relief," *Wright*, 939 F.3d at 705, he cannot now use the saving clause to get another bite at the apple. *Id*. at 706. Thus, Papillion's claim does not fall within the limited exception recognized by *Hill* and *Wright*, thus he may not challenge his sentence in this § 2241 proceeding.

Accordingly, it is hereby **ORDERED** as follows:

1. Papillion's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

Dated October 28, 2020



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY